UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS GUZMAN,

                              Plaintiff,                Civil Action No.
                                                       9:21-CV-1192
            v.                                           (MAD/ATB)

TIMOTHY McCARTHY AND JOHN DOE,

                              Defendants.

---

APPEARANCES:                                                    OF COUNSEL:

LUIS GUZMAN
16-A-5199
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      On or about November 1, 2021, pro se plaintiff Luis Guzman, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing a complaint, accompanied by an application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1-2. On December 17, 2021, the Court issued a Decision and Order granting plaintiff's IFP application and conditionally dismissing the complaint pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A") unless plaintiff filed an amended complaint that corrected the complaint's pleading defects. *See generally* Dkt. No. 4 ("December Order").

Plaintiff availed himself of the opportunity amend, and the Court received an amended complaint on January 18, 2022.  Dkt. No. 6.  Before the Court could review that pleading, however, plaintiff filed another copy of his amended complaint, which the Court received on February 28, 2022.  Dkt. No. 7 ("Am. Compl.").[1]  The Clerk has now forwarded the amended complaint to the Court for review pursuant to Sections 1915 and 1915A.

## II. DISCUSSION

### A. Governing Legal Standard

The legal standard governing the Court's review of a pleading pursuant to Sections 1915 and 1915A was discussed at length in the December Order and will not be restated in this Decision and Order.  See December Order at 2-4.

### B. Summary of the Amended Complaint

At all times relevant to the claims in this action, plaintiff was confined in Auburn Correctional Facility ("Auburn C.F."), a prison operated by DOCCS.  Am. Compl. at 1.  The following facts are as alleged in the amended complaint.

On or about May 5, 2019, at approximately 3:00PM, an inmate approached plaintiff and threatened to hurt him unless he paid the inmate for use of the telephones and television.  Am. Compl. at 2-3.  Plaintiff reported the threat to defendant Auburn C.F. Correction Officer John Doe, "who posted at the phone area."  Id. at 3.  Defendant Doe laughed at plaintiff and dismissed him from the area.  Id.  The inmate thereafter threatened plaintiff again and loudly called him a "snitch," which caused defendant Doe and others to "take notice."  Id.  Although

---

[1] The two amended pleadings (Dkt. Nos. 6, 7) contain identical allegations.  Compare Dkt. No. 6 with Am. Compl.  The only differences between the two are the dates plaintiff signed them and that plaintiff included a verification and affidavit of service with his more recent filing.  Id.  The Court has reviewed the more recent filing in this Decision and Order because it superseded the earlier pleading in all respects.  See Hancock v. Cnty. of Rensselaer, 882 F.3d 58, 63 (2d Cir. 2018) ("[I]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect.").

2

plaintiff again approached defendant Doe to report his belief that he would be injured by the inmate, defendant Doe angrily dismissed plaintiff from his booth. *Id.* Plaintiff complied with the order and walked away. *Id.* Plaintiff had stationed himself "in view of [defendant] Doe" when the inmate came up to plaintiff from behind and cut him in the face. *Id.* at 3-4. "Plaintiff looked in the direction of [defendant] Doe, who was looking directly at the Plaintiff with a smirk on his face, and who saw the entire incident and ignored calling in a level, or at least, [sic] tried to stop the attack." *Id.* at 4.

In addition to defendant Doe, the amended complaint names Auburn C.F. Superintendent Timothy McCarthy as a defendant. Am. Compl. at 2, 4-5. Plaintiff alleges that defendant McCarthy was aware that Auburn C.F. is a dangerous place and failed to properly train correctional officers to protect inmates from harm. *Id.* at 4-5.

Liberally construed, the amended complaint asserts an Eighth Amendment failure to intervene claim against defendants Doe and an Eighth Amendment failure to protect claim against defendant McCarthy.[2] Am. Compl. at 5. As relief, plaintiff seeks monetary damages. *Id.* at 6. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

---

[2] Plaintiff's amended complaint also claims "negligence" on the part of the defendants. Am. Compl. at 5. Because the Court is obligated to interpret a pro se litigant's pleadings to raise the strongest arguments possible, and because negligence is not cognizable under Section 1983, the Court has construed the amended pleading to assert only Eighth Amendment claims against defendants Doe and McCarthy. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (concluding that negligent acts causing unintended loss of or injury to life, liberty, or property do not rise to the level of constitutional violations).

**C.    Analysis**

**1. Defendant Doe**

Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will accept the amended complaint for filing purposes insofar as it asserts an Eighth Amendment failure to intervene claim against defendant Doe.  In so ruling, the Court expresses no opinion as to whether the amended complaint can withstand a properly filed dispositive motion.

Because plaintiff's failure to intervene claim is asserted against a corrections officer whose name is not known to plaintiff, service of process cannot be effected on him unless and until that individual has been identified by name.  If plaintiff wishes to pursue his claim against defendant Doe, he must take reasonable steps through discovery to ascertain the identity of that individual.[3]  Upon learning the identity of the unnamed defendant, plaintiff must amend the operative complaint to properly name that individual as a party.  If plaintiff fails to ascertain the identity of the John Doe defendant so as to permit timely service of process, all claims against that individual will be dismissed.[4]

---

[3] Under normal circumstances, when a pro se plaintiff includes Doe defendants together with named defendants, the complaint is served upon the named defendants, and then the plaintiff pursues discovery to identify the Doe defendants.  Here, the only named defendant is defendant McCarthy.  As discussed below in Part II.C.2 of this Decision and Order, however, plaintiff's amended complaint fails to assert a cognizable claim against defendant McCarthy.  Accordingly, without defendant McCarthy as an active party, there are no individuals who can be served and through whom discovery can be pursued.  Plaintiff faces the additional impediment that he is no longer incarcerated in Auburn C.F., where the events giving rise to this action occurred and where, presumably, defendant Doe still is employed.  This circumstance will likely make it even more difficult for plaintiff to obtain the name of defendant Doe.  For these reasons, with due deference to plaintiff's pro se status, solely for the purpose of assisting plaintiff in identifying defendant Doe through discovery, the Court will direct that defendant McCarthy remain a party in the action so service may proceed and issue joined.  Once issue is joined, plaintiff may seek, through discovery, the identity of defendant Doe.  Because the New York State Attorney General will likely represent defendant McCarthy, the Clerk will be directed to forward a copy of the summons, amended complaint, and a copy of this Decision and Order on that office.

[4] Rule 4 of the Federal Rules of Civil Procedure require that a party be served within 90 days of issuance of the summons, absent a court order extending that period.  Fed. R. Civ. P. 4(m).  The Court's local rules shorten the time for service from 90 days under Rule 4(m) to 60 days.  N.D.N.Y. L.R. 4.1(b).

### 2. Defendant McCarthy

The amended complaint alleges that defendant McCarthy knew Auburn C.F. is a "dangerous facility" and that the area where plaintiff was assaulted was known to defendant McCarthy as a place "where assaults occur[.]" Am. Compl. at 4-5. Plaintiff also alleges that defendant McCarthy failed to train his correctional officers to protect inmates and failed to "place officers in th[e area where plaintiff was assaulted] to monitor the yard and to protect inmates." *Id.* at 5.

As explained in the December Order, "[t]he Eighth Amendment requires prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "That extends to protecting prisoners from violence at the hands of other prisoners." *Morgan*, 956 F.3d at 89 (internal quotation marks and alteration omitted); *see also Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985) ("The failure of custodial officers to employ reasonable measures to protect an inmate from violence by other prison residents has been considered cruel and unusual punishment."). Prison officials may be held liable under Section 1983 for failing to protect an inmate from conditions posing a substantial risk of serious harm. *See Farmer*, 511 U.S. at 836.

With respect to plaintiff's allegation that defendant McCarthy failed to assign correctional officers to monitor the location where plaintiff was assaulted, that allegation is belied by the fact that, according to plaintiff, he was assaulted within defendant Doe's sightline and that defendant Doe witnessed the assault. Accordingly, any allegation that defendant McCarthy did not post security officials in a location where assaults occur is not plausible.

With respect to the allegation that defendant McCarthy failed to train his officers to protect inmates from harm, that is not enough to plausibly allege the personal involvement of defendant McCarthy. As also explained in the December Order, "[p]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."[5] *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676). The amended complaint does not allege that defendant McCarthy knew of the assault ahead of time such that he could take any specific action (training subordinates or otherwise) to protect plaintiff from harm. As described in the amended complaint, plaintiff was first threatened by the other inmate in or about 3:00PM on the day of the attack, and plaintiff was assaulted shortly thereafter that first threat. There are no allegations that defendant McCarthy became aware or was informed of the threats made against plaintiff or that he had any opportunity to take any action to protect plaintiff. Instead, the attack on plaintiff amounted to a surprise attack from defendant McCarthy's perspective because he had no reason to know or believe that plaintiff would be attacked by the inmate at that time. *See, e.g., Zimmerman v. Macomber*, No. 95-CV-0882, 2001 WL 946383, at *5 (S.D.N.Y. Aug. 21, 2001) ("Courts routinely deny deliberate indifference claims based upon surprise attacks.").

For the foregoing reasons, the amended complaint fails to plausibly allege that defendant McCarthy acted with deliberate indifference to plaintiff's safety. Accordingly,

---

[5] Plaintiff seeks only monetary relief. *See* Am. Compl. at 6.

plaintiff's failure to protect claim asserted against him is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).[6]

III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 7) is **ACCEPTED for filing** only with respect to plaintiff's Eighth Amendment failure to intervene claim asserted against defendant John Doe and the amended complaint is now the operative pleading in the action; and it is further

**ORDERED** that the Eighth Amendment failure to protect claim asserted against defendant Timothy McCarthy is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that, solely for purposes of assisting plaintiff with ascertaining the identity of defendant John Doe through discovery, defendant McCarthy shall remain active as a party in the action and the Clerk is respectfully directed to modify the docket to reflect that defendants McCarthy and John Doe are the only two active defendants; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal Service for service of process on defendant McCarthy.  The Clerk shall also mail a copy of the summons, amended complaint, and a copy of this Decision and Order to the Office of the New York State Attorney General; and it is further

---

[6] As noted above, notwithstanding the Court's dismissal of the claim asserted against defendant McCarthy, he will remain an active party in this action solely for purposes of service and discovery to assist plaintiff in attempting to ascertain the name of the John Doe defendant.

**ORDERED** that a defendant shall respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant John Doe, against whom his Eighth Amendment failure to intervene claim is asserted. Upon learning the name of the unidentified defendant, plaintiff shall file a motion to amend the operative pleading seeking permission to add that individual, by name, as a defendant to this lawsuit. **Plaintiff's failure to timely serve that defendant will result in dismissal** of the claim asserted against him and termination of that defendant from the action; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

Dated: March 4, 2022

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge