UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS GUZMAN,

                       **Plaintiff,**

     v.                                              9:21-CV-1192
                                                          (MAD/ATB)

TIMOTHY MCCARTHY and JOHN DOE,

                       **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LUIS GUZMAN<br>16-A-5199<br>Great Meadow Correctional Facility<br>Box 51<br>Comstock, NY 12821<br>**Plaintiff,** *pro se* | |
| **HON. LETITIA JAMES**<br>Attorney General of the State of New York<br>The Capitol<br>Albany, NY 12224<br>**Attorneys for Defendant** | RACHEL S. OUIMET, ESQ.<br>Asst. Attorney General |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

*Pro se* plaintiff, Luis Guzman, brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging his Eighth Amendment claims related to his confinement with the New York State Department of Corrections and Community Supervision ("DOCCS") at Auburn Correctional Facility ("Auburn C.F.") against Defendants Superintendent Timothy McCarthy ("McCarthy"), Correctional Officer John Doe #1, and Correctional Officer John Doe #2. Dkt. No. 1 ("Compl.").

Presently before the Court is McCarthy's motion, pursuant to Federal Rule of Civil Procedure 41, seeking to dismiss the amended complaint, with prejudice. Dkt. No. 21. In response, Plaintiff filed a motion for counsel.[1] Dkt. No. 23. Defendant opposed Plaintiff's motion. Dkt. No. 24.

## II. BACKGROUND

In the original complaint, Plaintiff alleged he was "slashed [in the face] from behind" by another inmate on May 5, 2019, at approximately 3:30PM, in the "main yard" of Auburn C.F. Compl. at 4. Plaintiff asserted Eighth Amendment failure-to-intervene claims against the Doe defendants and a failure-to-protect claim against McCarthy. *See generally* Compl. In a Decision and Order filed on December 17, 2021 (the "December Order"), the Court dismissed the complaint pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A") with leave to amend. Dkt. No. 4.

On February 28, 2022, Plaintiff submitted an amended complaint naming McCarthy and Correction Officer John Doe as defendants. Dkt. No. 7. Plaintiff reiterated the factual allegations set forth in the original complaint. *See generally* Am. Compl. In a Decision and Order filed on March 4, 2022 (the "March Order"), the Court accepted the amended complaint for filing only with respect to Plaintiff's Eighth Amendment failure-to-intervene claim against defendant John Doe. Dkt. No. 8 at 7. The Court dismissed the failure-to-protect claim against McCarthy, but directed that McCarthy would remain active as a party "solely for purposes of assisting plaintiff with ascertaining the identity of defendant John Doe through discovery[.]" *Id*.

On April 21, 2022, McCarthy served an answer to Plaintiff's amended complaint. Dkt. No. 14. On April 22, 2022, the Court issued a Mandatory Pretrial Discovery and Scheduling

---

[1] Plaintiff does not oppose McCarthy's motion to dismiss.

Order. Dkt. No. 17. Pursuant to the Order, the parties were directed to file amended pleadings on or before August 22, 2022 and to exchange discovery on or before October 24, 2022. *Id.*

On June 17, 2022, Defendant provided mandatory disclosures to Plaintiff that included copies of logbooks for the relevant time periods and locations, the unusual incident report, and staff planning charts containing the names of officers and supervisors assigned at Auburn C.F. on the relevant date. Dkt. No. 20.

On December 22, 2022, Defendant filed the within motion to dismiss for failure to prosecute. Dkt. No. 21.

### III.  MOTION TO DISMISS

### A.  Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Dismissal of an action under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d. Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding pro se. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a pro se litigant's complaint "only when the circumstances are sufficiently extreme"). Notwithstanding a plaintiff's pro se status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Dismissal pursuant to Rule 41(b) for lack of prosecution or for failure

3

to comply with an order of the court is a matter committed to the discretion of the district court. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962).

The correctness of a dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order or the procedural rules of the Court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Lucas*, 84 F.3d at 535. In general, "no factor is dispositive in determining whether dismissal is warranted." *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998).

With respect to the first factor, this Court's Local Rules provide that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a); *see also Holmes v. Johnny G's Rest., Inc.*, No. 1:12-CV-0179 (LEK/RFT), 2014 WL 5323890, *2 (N.D.N.Y. Oct. 17, 2014); *Rodriguez v. Goord*, No. 9:04-CV-0358 (FJS/GHL), 2007 WL 4246443, *2 (N.D.N.Y. Nov. 27, 2007) (noting that Local Rule 41.2 not only recognizes the court's inherent authority to dismiss dormant cases, but "requires that [dismissal] be exercised in appropriate circumstances"); *Kearney v. City of New York*, No. 02 CIV. 9741, 2003 WL 22682721, *2 (S.D.N.Y. Nov. 6, 2003) (holding that dismissal was appropriate where four months had elapsed since the plaintiff appeared at a conference and the plaintiff had not taken any affirmative steps to move the case forward).

In this matter, prior to filing the within motion for counsel, Plaintiff had not communicated with the Court or Defendants in eight months. *See* Dkt. No. 16. Plaintiff's failure

4

to take action to prosecute this case has far exceeded four months, which is a presumptive evidence of lack of prosecution. The Court finds that this factor weighs in favor of dismissal.

The second factor however, weighs against dismissal. The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. *See Martens v. Thomann*, 273 F.3d 159, 180–81 (2d Cir. 2001). "Constructive notice will not be presumed." *Francis v. Morganthau,* No. 97 CIV. 5348, 1998 WL 226186, at *2 (S.D.N.Y. May 4, 1998). Here, while Defendant correctly notes that Plaintiff was warned that the failure to timely serve a defendant would result in dismissal of the claim against that defendant, Plaintiff was not warned that if he failed to amend his pleading with respect to the Doe defendant, that his complaint would be dismissed, in its entirety, with prejudice. *See Coats v. Dep't of Veteran Affs*., 268 Fed. App'x 125, 127 (2d Cir. 2008). "While court orders should be obeyed, dismissal of the action under these circumstances is too harsh a remedy." *See Mendez v. Walker*, 110 F.Supp.2d 209, 216 (W.D.N.Y. 2000) (denying motion because no warning was given to plaintiff that failure to comply could result in dismissal of his claim); *see also George v. Roberts*, No. 17-CV-3684, 2018 WL 1517203, at *6 (S.D.N.Y. Mar. 26, 2018) ("[p]laintiff has not failed to comply with any Court orders, as none have been issued regarding his failure to prosecute.").

As to the third factor, Defendant has not demonstrated prejudice as a result of Plaintiff's delay. Defendant cites to the age of the action and argues that "memories fade," however "prison records, medical records, and statements by prison guards, are, and always have been, in the custody of the defendants" and thus, Defendant cannot argue prejudice. *Leacock v. City of New York*, No. 01 CIV. 2849, 2005 WL 3240318, at *3 (S.D.N.Y. Dec. 1, 2005).

Finally, the delay has not caused significant court calendar congestion, and, a lesser sanction, "namely a warning," is adequate in the present situation. *Jones v. Westchester Cnty*.,

182 F.Supp. 3d 134, 147 (S.D.N.Y. 2016); *see also Leacock*, 2005 WL 3240318, at *4 (noting that because the defendant did not argue that the plaintiff's claims lacked merit, the Court permitted the action to remain on the docket to provide the plaintiff with one last opportunity to prosecute before dismissing the action).

Accordingly, for the reasons set forth herein, Defendant's motion to dismiss, with prejudice, pursuant to Federal Rule 41(b) is **DENIED**. In light of Plaintiff's pro se status, the deadline for submission of a second amended complaint identifying the Doe defendant is extended for thirty (30) days. If Plaintiff fails to comply with the Court's Order, the action will be dismissed without further order of the Court.

### B.  Rule 12(b)(6)

Alternatively, the Court may dismiss claims, sua sponte, for failure to state a claim "as long as the procedure employed is fair to the parties." *See Sorenson v. MBI, Inc*., No. 3:16-CV-02029, 2019 WL 3231762, at *8 (D. Conn. July 18, 2019) (citations omitted). Thus, the Court considers whether McCarthy should be dismissed as a defendant pursuant to Federal Rule 12(b)(6).

As discussed *supra*, the claims against McCarthy were dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1). Dkt. No. 8 at 7. McCarthy remained a party to the litigation solely for the purposes of providing discovery. *Id*. McCarthy filed an answer and complied with the mandatory initial disclosures. Dkt. No. 20. Therefore, McCarthy's presence in this action is no longer necessary. *Maldonado v. Mandalaywala*, 2020 WL 1159426, at *18-19 (N.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, 2020 WL 1157643 (N.D.N.Y. Mar. 10, 2020) (citing *Reed v. Doe*, 2015 WL 902795, at *5 (N.D.N.Y. Mar. 3, 2015)).

Accordingly, McCarthy is dismissed as a defendant in this action.

## IV.  MOTION FOR COUNSEL

Plaintiff seeks counsel claiming that he cannot "read or write English."  Dkt. No. 23.  Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel.  *See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981).  However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel.").  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM) 899 F.Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621).  The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co.*, Inc., 877 F.2d 170, 172 (2d Cir. 1989).

With respect to the first factor, the case does not present novel or complex issues. Second, it appears that, to date, plaintiff has effectively litigated this action. Indeed, plaintiff filed a complaint and an amended complaint that survived this Court's review, and a motion for counsel. The Court also notes that if this case survives any dispositive motions, it is highly probable that this Court will appoint trial counsel at the final pretrial conference. Finally, the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

Furthermore, Plaintiff must file an amended pleading for this action to proceed. Since Plaintiff has failed to establish that his claim is likely to be of substance, the Court denies his motion for appointment of counsel without prejudice. After the Court has accepted a second amended complaint for filing, defendant has responded to the allegations in Plaintiff's second amended complaint, and the parties have undertaken discovery, Plaintiff may choose to file a new motion for appointment of counsel, at which time the Court may be better able to determine whether such appointment is warranted in this case. Plaintiff is advised that any future motion for appointment of counsel must be accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. *See Terminate Control Corp.*, 28 F.3d at 1341; *Cooper*, 877 F.2d at 172. Thus, Plaintiff's motion for the appointment of counsel (Dkt. No. 23) is denied without prejudice.

### V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 21) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's claims against Defendant McCarthy are **DISMISSED** pursuant

8

to Fed. R. Civ. P. 12(b)(6); and the Court further

**ORDERS** that Plaintiff shall have one final opportunity to amend his complaint to identify the Doe defendant; and the Court further

**ORDERS** that any amended complaint must be filed within **THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk shall enter judgment indicating that this action is **DISMISSED** without prejudice without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order; and the Court further

**ORDERS** that Plaintiff's motion for counsel (Dkt. No. 23) is **DENIED**; and the Court

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2023
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge