UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS GUZMAN,

                         Plaintiff,

   v.                                                        9:21-CV-1192
                                                                     (MAD/ATB)

JOHN DOE,

                         Defendant.

---

APPEARANCES:

LUIS GUZMAN
16-A-5199
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

MAE A. D'AGOSTINO
United States Magistrate Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Luis Guzman ("plaintiff") commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  By Decision and Order filed December 17, 2021 (the "December Order"), the Court reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  *See* Dkt. No. 4.  On the basis of that review, the Court dismissed the complaint for failure to state a claim upon which relief could be granted, with leave to amend.  *See id.*

On February 28, 2022, plaintiff submitted an amended complaint and identified

1

Superintendent Timothy McCarthy ("McCarthy") and Correctional Officer John Doe ("John Doe") as defendants. Dkt. No. 7. In a Decision and Order filed on March 4, 2022 (the "March Order"), the Court accepted the amended complaint for filing with respect to plaintiff's Eighth Amendment claims against John Doe. *See* Dkt. No. 8. The remaining claims were dismissed however, McCarthy remained an "active party" for the purposes of assisting plaintiff with ascertaining the identity of John Doe. *See id.*

In June 2022, McCarthy provided plaintiff with copies of documents containing the names of officers and supervisors assigned at Auburn Correctional Facility on the relevant date. Dkt. No. 20.

On December 22, 2022, McCarthy filed a motion to dismiss for failure to prosecute. Dkt. No. 21. In response, plaintiff filed a motion for counsel. Dkt. No. 23. In a Memorandum-Decision and Order filed on February 6, 2023 (the "February 2023 Order"), the Court denied defendant's motion to dismiss for failure to prosecute, but dismissed the claims against McCarthy pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 25. The Court provided plaintiff with an opportunity to amend his complaint to identify the Doe defendant and denied his request for counsel. *Id*. at 7-9.

On February 21, 2023, plaintiff filed a document that the Court construed as an attempt to amend his complaint. Dkt. No. 26. In a Decision and Order filed on March 28, 2023 (the "March 2023 Order"), the Court advised that it would not accept the submission as an amended complaint or the operative pleading and directed plaintiff to submit an amended pleading that complied with the Court's Local Rules of Practice. *See generally* Dkt. No. 27.

Presently before the Court is plaintiff's second amended complaint. Dkt. No. 28 ("Sec. Am. Compl.").

2

## II.     SUFFICIENCY OF SECOND AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) was discussed at length in the December Order and it will not be restated in this Decision and Order.  *See* December Order at 2-4. The Court will construe the allegations in the second amended complaint with the utmost leniency.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

### B. Summary of Second Amended Complaint[1]

With the second amended complaint, plaintiff identifies two new defendants: Correction Officer D. Tratt ("Tratt") and Correction Officer J. Sullivan ("Sullivan").[2]  *See* Sec. Am. Compl. at 1.

On or about May 5, 2019, at approximately 3:05 p.m., an inmate approached plaintiff and threatened to "cut" him unless he paid the inmate for use of the telephone and television. Sec. Am. Compl. at 3.  Plaintiff reported the threat to defendant Tratt, who "laughed at the plaintiff and told him to step away from the area and away from his booth." *Id*. at 4.

---

[1] The amended complaint includes allegations written in Spanish.  *See* Am. Compl. at 3, 5, 6, 9; Dkt. No. 28-1; Dkt. No. 28-2 at 20, 30.  As discussed in the March 2023 Order, "The Court conducts its reviews and deliberations in English.  Unless otherwise directed by the Court, any document that a party transmits to the Court . . . that is in a language other than English must be accompanied by an English translation that the translator has certified as true and accurate, pursuant to 28 U.S.C. § 1746." *See* March 2023 Order at p. 2, n. 1 (citing N.D.N.Y. L.R. 10.1(d)).  As noted in the March 2023 Order, plaintiff has not been ordered, or granted permission, to file documents in a language other than English.

[2] The Clerk of the Court is directed to add these defendants to the docket report.  The Clerk is further directed to terminated John Doe as a defendant.

Plaintiff walked away, but remained in Tratt's "view." Sec. Am. Compl. at 4. The inmate approached plaintiff again and loudly called him a "snitch," which caused Tratt and others to "take notice." *Id*. Plaintiff returned to tell Tratt that the inmate threatened to cut plaintiff if he didn't pay him money. *Id*. Tratt walked away. *Id*.

Plaintiff stood in Tratt's "view" between the telephone and television area. Sec. Am. Compl. at 4. The inmate approached plaintiff from behind and cut him in the face with a "black ceramic razor." *Id*. at 5. Plaintiff looked in Tratt's direction and saw Tratt "looking directly at the plaintiff with a smirk on his face." *Id.* Plaintiff claims Tratt "saw the entire incident and ignored calling in a level" and did not attempt to intervene. *Id.*

### C. Analysis

As a result of the review of the amended complaint, the Court held that a response to plaintiff's Eighth Amendment failure-to-intervene claim was required from John Doe. This claim is repeated and realleged in the second amended complaint and the Doe defendant has been identified as Tratt. Thus, Tratt is required to respond to the Eighth Amendment claim.

A different conclusion is reached however, with respect to plaintiff's claim against Sullivan. The law related to personal involvement in section 1983 claims was discussed in the December Order and will not be restated herein. *See* December Order at 5. Here, plaintiff identified Sullivan as defendant in the caption however, plaintiff has not plead facts, in English, suggesting that Sullivan was personally involved in any conduct that violated plaintiff's constitutional rights. *See* Sec. Am. Compl. at 5-6. Thus, the second amended complaint fails to state a cognizable claim against him. *See Cipriani v. Buffardi*, No. 06-CV-0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is

appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint because the plaintiff had not adequately pleaded the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint (Dkt. No. 28) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket report for this action, consistent with this Order; and it is further

**ORDERED** that the claims against Sullivan are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Eighth Amendment claim against Tratt survives the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that the Clerk of the Court shall terminate Sullivan as a defendant herein; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the second amended complaint, to the United States Marshal for service upon defendant. The Clerk shall forward a copy of the summons and second amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail

only; and it is further

  **ORDERED** that a response to the second amended complaint be filed by the remaining defendant, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

  **ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

  **ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: May 9, 2023
   Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge