UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUIS GUZMAN,

                Plaintiff,

      -v-                                           9:21-CV-1192 (AJB/MJK)

DAVID PRATT,

                Defendant.
_____

**APPEARANCES:**                                             **OF COUNSEL:**

LUIS GUZMAN
Plaintiff, Pro Se
16-A-5199
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. LETITIA JAMES                                RACHAEL OUIMET, ESQ.
New York State Attorney General                NICHOLAS W. DORANDO, ESQ.
Attorneys for Defendant                                     Assistant Attorneys General
The Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On November 1, 2021, *pro se* plaintiff Luis Guzman ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision, filed this 42 U.S.C. § 1983 action alleging that corrections officials violated his constitutional rights while he was housed at Auburn Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On December 17, 2021, U.S. District Judge Mae A. D'Agostino granted plaintiff's IFP Application and, after an initial review, conditionally dismissed the pleading for failure to state any plausible claims for relief. Dkt. No. 4. At that time, Judge D'Agostino gave plaintiff thirty days' leave in which to try to amend his complaint to cure the pleading deficiencies that she had identified. *Id*. Thereafter, plaintiff filed two copies of an amended complaint which, as relevant here, contained identical factual allegations. Dkt. Nos. 6, 7.

On March 4, 2022, Judge D'Agostino conducted an initial review of plaintiff's amended complaint and accepted it for filing to the extent that it stated a § 1983 Eighth Amendment claim against a John Doe corrections officer at Auburn Correctional Facility who had allegedly failed to intervene to prevent a fellow inmate from attacking him. Dkt. No. 8. But because John Doe defendants cannot be served with process, Judge D'Agostino ordered that, "solely for purposes of assisting plaintiff with ascertaining the identify of defendant John Doe through discovery, defendant McCarthy shall remain active as a party in this action." *Id*.

Judge D'Agostino explained to plaintiff that he was obligated to "take reasonable steps through discovery to ascertain the identity of defendant John Doe" and that, "[u]pon learning the name of the unidentified defendant," plaintiff would be required to "file a motion to amend the operative pleading seeking permission to add that individual, by name, as a defendant to this lawsuit." Dkt. No. 8.

At that time, Judge D'Agostino also cautioned plaintiff that his "failure to timely serve that defendant will result in dismissal of the claim asserted against [the Doe] and termination of that defendant from the action." Dkt. No. 8. Judge D'Agostino directed the Clerk to serve the amended complaint on the Office of the New York State Attorney General, *id*., which filed an answer on behalf of defendant McCarthy on April 21, 2022, Dkt. No. 14.

On November 30, 2022, after about nine months had elapsed, Judge D'Agostino *sua sponte* ordered the Attorney General's office to file a status report advising whether "the identity of the Doe defendant [had] been ascertained" or that, "after investigation and discovery, the Office [was] unable to provide that information." Dkt. No. 18. In response, the Attorney General's office submitted a status report explaining that it had served initial discovery on plaintiff that included, *inter alia*, "logbooks from the time periods and locations he allegedly interacted with defendant Doe." Dkt. No. 20.

However, according to the Attorney General's office, plaintiff had failed to make other discovery requests or seek to amend his pleading to identify the John Doe defendant. Dkt. No. 20. Soon after, defendant McCarthy moved to dismiss this action on the grounds that plaintiff had failed to timely prosecute the case or comply with court orders. Dkt. No. 21. In response, plaintiff moved for counsel, Dkt. No. 23, and defendant opposed, Dkt. No. 24.

On February 6, 2023, Judge D'Agostino denied defendant's motion to dismiss, ordered defendant McCarthy *sua* sponte dismissed from the case, denied plaintiff's motion for counsel, and gave plaintiff a final thirty-day opportunity to further amend his pleading to identify the John Doe defendant. Dkt. No. 25. In response, plaintiff filed a document (written in Spanish) that Judge D'Agostino construed as an attempt to amend his pleading and a renewed motion for the assistance of counsel. Dkt. No. 26.

So construed, Judge D'Agostino denied plaintiff's motion for counsel, explained that the proposed pleading suffered from certain technical defects, and gave plaintiff another thirty days' leave in which to draft his proposed second amended pleading in a manner that would cure those defects. Dkt. No. 27. Thereafter, plaintiff submitted a proposed second amended complaint that identified two defendants: Correction Officers "D. Tratt" and J. Sullivan. Dkt. No. 28.

On May 9, 2023, Judge D'Agostino conducted an initial review of plaintiff's proposed second amended complaint and accepted it for filing to the extent that it asserted a § 1983 Eighth Amendment claim against defendant "D. Tratt." Dkt. No. 29. As Judge D'Agostino explained, this was the same § 1983 Eighth Amendment failure-to-intervene claim that plaintiff had initially asserted against the John Doe defendant. *Id*. Thereafter, defendant "D. Tratt"—who was in fact "David Pratt"—answered. Dkt. No. 35. The Clerk modified the docket report accordingly and the parties conducted a brief period of discovery. Dkt. No. 36.

On September 12, 2024, defendant Pratt moved for summary judgment against plaintiff's remaining § 1983 claim. Dkt. No. 52. In response, plaintiff moved for leave to further amend his pleading. Dkt. No. 54. After those motions were fully briefed, Dkt. Nos. 55, 56, 57, 58, the matter was reassigned to this Court for all further proceedings, Dkt. No. 61.

On April 9, 2025, U.S. Magistrate Judge Mitchell J. Katz advised by Report & Recommendation ("R&R") that defendant Pratt's motion for summary judgment be granted and that plaintiff's motion to further amend be denied.[1] Dkt. No. 66. As Judge Katz explained, the "unrebutted documentary evidence" established that defendant Pratt was not working at Auburn Correctional Facility the day of the incident (*i.e.*, the date on which an unidentified fellow inmate cut plaintiff with a knife along his face) and that defendant Pratt had no personal knowledge of the relevant events. *Id*. Judge Katz recommended that plaintiff's motion for leave to further amend his pleading should also be denied because the proposed § 1983 claim (against defendant McCarthy) had previously been dismissed by Judge D'Agostino and that any other § 1983 claims

---

[1] The record shows that plaintiff is a Spanish speaker with limited English proficiency. Judge Katz concluded that this might be sufficient to excuse plaintiff's apparent failure to exhaust his administrative remedies as to his § 1983 claim. But this factor does not preclude dismissal of the claim itself.

(such as those against other corrections officers arising from an entirely different incident from 2017) would almost certainly be barred by, *inter alia*, the statute of limitations. *Id*.

Plaintiff has lodged objections. Dkt. No. 68. There, plaintiff explains that he "want[s] to make up more details about" corrections officers and goes on to identify several other alleged incidents involving other officers that might have occurred at other times at other correctional facilities. *Id*. Plaintiff also submitted a proposed third amended complaint, Dkt. No. 69, a series of new exhibits, Dkt. No. 70, and a letter, Dkt. No. 71.

Upon *de novo* review, Judge Katz's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). Even accounting for plaintiff's unrepresented status and his limited command of the English language, Judge D'Agostino gave plaintiff multiple opportunities to articulate one or more actionable § 1983 claims. After a series of amendments and a period of discovery, plaintiff has failed to do so. To the extent plaintiff might have plausibly alleged a claim against defendant Pratt, discovery did not unearth any evidence tending to show that he might have been personally involved in (or could have reasonably intervened to prevent) the incident at Auburn Correctional Facility about which plaintiff has complained.

Plaintiff is advised that this case will be closed as a result of this Order. To the extent that plaintiff believes that he might have one or more actionable § 1983 claims against one or more of the other corrections officers identified in his latest batch of filings, such as his proposed amended complaint, Dkt. No. 69, his several exhibits, Dkt. No. 70, or in his letter, Dkt. No. 71, those claims would have to be raised in a new action filed in an appropriate judicial district.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 66) is ACCEPTED;

- 6 -

2. Defendant's motion for summary judgment (Dkt. No. 52) is GRANTED;

3. Plaintiff's motion to further amend (Dkt. No. 54) is DENIED; and

4. Plaintiff's second amended complaint (Dkt. No. 28) is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: May 20, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge